IRWIN M. COANE, Individually and as a Stockholder of the AMERICAN DISTILLING COMPANY, etc., Plaintiff, *v.* AMERICAN DISTILLING COMPANY and Others, Defendants.

Supreme Court, Special Term, New York County, July 2, 1942.

*Milton H. Greenwald,* for the plaintiff.

*Stewart M. Seymour,* for the defendant American Distilling Company.

*Robert H. Kelby* [*Robert T. Crane, Jr.,* of counsel], for the defendants Brown, Seymour and Nelson.

EDER, J. Motion for an order dismissing the complaint on the ground that plaintiff has not legal capacity to sue.

The plaintiff alleges that he is the owner of one hundred shares of five per cent cumulative preferred stock of the corporate defendant. This action is brought as a stockholder's derivative action. The basis of the claim that plaintiff lacks the legal capacity to sue is that by an agreement made on July 17, 1941, he, for a valuable consideration, transferred to one Fitzsimons all of the outstanding stock of a corporation known as Old Collins Company, Inc., and in addition assigned to Fitzsimons " each and every claim, right or assertable right, action or cause of action of any or every kind or nature which the said party of the first part [plaintiff] may, shall, or can have by reason of his stock, ownership, or otherwise against or through * * * the American Distilling Company * * * and/or each and every of its officers * * * in his or their official capacities, or individually."

It seems clear to me that this action may be maintained. No claim is made by the moving defendants that the plaintiff is not an actual stockholder of record of the corporate defendant. It is well-established law that the rights asserted in a suit of this nature are rights belonging to the corporation and not to the individual stockholder and that it is brought for the benefit of the corporation which is, in reality, the plaintiff.

There is a distinction to be drawn as to the rights possessed by the stockholder as an individual and those possessed by the corporation. He may transfer, pass, release or otherwise dispose of his individual rights, as he did here, but such an assignment or transfer did not divest him of the right and capacity to bring this *derivative* suit, since he at all times remained the owner of his shares of stock. Therefore, whatever personal rights may have passed from the plaintiff by virtue of the assignment, there remained inherent in his shares the right to bring this action for the benefit of the corporation and that carries with it the right to institute such an action as this.

The corporation alone could forego such a suit or release its claim, but certain it is that a stockholder cannot make such a disposition so as to bind the corporation. As I see it, all that the assignment accomplished was to bar and estop the plaintiff from asserting, prosecuting or dealing with the rights possessed by him as an individual — as an individual entity — for his own benefit, and nothing more, and that is as far as he could legally act, no matter what he or the assignee might have otherwise had in mind.

The contention of the movants is untenable and the motion to dismiss the complaint on the stated ground is, therefore, denied. Settle order.